IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER P. GORGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 09-1341 |
| MICHAEL J. ASTRUE, ) | Judge Nora Barry Fischer |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

I.      INTRODUCTION

This action involves a Social Security claimant's challenge to the Commissioner's dismissal of his claim for disability insurance benefits ("DIB") based on administrative *res judicata*. Presently before the Court is Defendant Michael J. Astrue, Commissioner of Social Security's[1] Motion to Dismiss Plaintiff Christopher P. Gorgas' Complaint for lack of subject matter jurisdiction (Docket No. 10) and Plaintiff's response thereto (Docket No. 17). In his motion, the Commissioner argues that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because the Commissioner did not issue a "final decision" denying DIB in Plaintiff's case, but issued a dismissal order without

---

[1] The Court notes that the Defendants, the Secretary of Health and Human Services, and the Social Security Administration, have requested that the caption of this case be amended because Plaintiff has incorrectly named them as Defendants in this action. (Docket No. 11 at 1 n.1). Pursuant to 20 C.F.R. § 422.210(d), the proper defendant in this type of action is the present Commissioner of Social Security, Michael J. Astrue. In light of the Defendants' request, and section 422.210(d), it is hereby ordered that the caption of Civil Action 09-1341 be amended to read as follows: *Christopher P. Gorgas, Plaintiff v. Michael J. Astrue, Commissioner of Social Security, Defendant.*

1

holding a hearing as to his claim. (Docket Nos. 10, 11). Plaintiff maintains that the dismissal on *res judicata* grounds is reviewable by this Court. (Docket No. 17). Upon consideration of the parties' positions, and for the following reasons, Defendant's Motion [10] is granted and this matter is dismissed for lack of subject matter jurisdiction.

II.   BACKGROUND

Plaintiff's insured status expired on December 31, 2000 and he is not eligible to receive DIB for any period after that date. (Docket No. 11-1 at 3, ¶ 4(a), 5). He has filed multiple applications for DIB for the period immediately prior to the expiration of his insured status, but each of his applications were denied. His first application was filed on September 14, 1998 and was denied on December 1, 1998, without further appeal. (*Id*. at 9). A second application was made on April 1, 1999, alleging disability since April 30, 1994. (*Id*. at 6-8). This application was denied at the initial level, and, after a hearing was held, an administrative law judge ("ALJ") denied his application in a decision dated April 20, 2000. (*Id*. at 6-14). The Appeals Council denied Plaintiff's timely request for review of this decision on October 15, 2001. (*Id*. at 15-6). Plaintiff filed a third application with a protective filing date of June 22, 2002. (*Id*. at 17-9). This application was denied on March 17, 2003, and the decision notified Plaintiff that he was not found to be disabled on any date through his date last insured, December 31, 2000. (*Id*. at 20-3). Plaintiff did not appeal this decision. (*Id*. at 3, ¶ 4(c)).

Plaintiff filed the present application for DIB on March 1, 2007, alleging disability beginning April 27, 2000. (*Id*. at 24- 27). His application was denied initially on April 25, 2007 and Plaintiff was notified that his condition was not considered disabling on any date through his date last insured, December 31, 2000. (*Id*.). Plaintiff requested a hearing on April 30, 2007. (*Id*. at 28-31). His

request for a hearing was denied and his application was dismissed in an Order of Dismissal dated July 2, 2008. (*Id*.). The ALJ reasoned that the doctrine of *res judicata* under 20 C.F.R. § 404.957(c)(1) applied to bar Plaintiff's DIB claim and that none of the conditions for reopening his prior case under 20 C.F.R. § 404.988 were present. (*Id*. at 30-1). The ALJ found that Plaintiff had not presented any "new and material evidence" concerning the relevant period, April 27, 2000 through December 31, 2000, that there had been no substantive changes in the law which would affect his case, and that the doctrine of *res judicata* was properly applied to bar the present application. (*Id*.).

The Appeals Council denied Plaintiff's request for review of the July 2, 2008 decision on July 30, 2009. (*Id*. at 32-3). Plaintiff then initiated this civil action by filing his motion to proceed *in forma pauperis* and his Complaint on October 2, 2009. (Docket No. 1). His motion to proceed *in forma pauperis* was denied on October 6, 2009. (Docket No. 2). After paying the applicable filing fee, Plaintiff filed his Complaint on October 23, 2009. (Docket No. 6).

The Commissioner responded to Plaintiff's Complaint by filing a Motion to Dismiss and Brief in Support on February 5, 2010. (Docket Nos. 10, 11). In support of his motion, the Commissioner also filed a declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, as well as portions of the administrative record including many of the unfavorable decisions issued regarding Plaintiff's applications. (Docket No. 11-1). After receiving two extensions of time, Plaintiff filed his response to the Commissioner's Motion on April 6, 2010. (Docket No. 17). No further briefing has been received. Accordingly, the motion is fully briefed and ripe for disposition.

III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. *See* FED.R.CIV.P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006)(quoting *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)). As he is the party asserting jurisdiction, Plaintiff "bears the burden of showing that [his] claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir.1995); *see also Kehr Packages, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)("[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion"). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. *Petruska*, 462 F.3d at 302.  When a defendant launches a factual attack on subject matter jurisdiction, as the Commissioner has done here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings.[2] *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007).

IV.   ANALYSIS

"Federal court jurisdiction is expressly limited by § 205 of the Social Security Act." *Tobak*

---

[2] The Court notes that Plaintiff has not submitted any evidence nor contested the accuracy or admissibility of the evidence submitted by the Commissioner. (*See* Docket No. 17).

4

*v. Apfel*, 195 F.3d 183, 186 (3d Cir. 1999)(citing 42 U.S.C. § 405(g), (h)).  Pursuant to § 205(h), "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).  Further, § 205(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action" in federal district court.  42 U.S.C. § 405(g).  Thus, jurisdiction is generally limited to final decisions made by the Commissioner after a hearing and "[i]t is well settled that federal courts lack jurisdiction under § 205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on *res judicata* grounds." *Tobak*, 195 F.3d at 187 (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982)).  But, this Court has subject matter jurisdiction to review whether *res judicata* was properly applied or whether a prior application was actually or constructively reopened by the Commissioner.[3]  *Tobak*, 195 F.3d at 187-88.

If applicable, *res judicata* can be invoked by the Commissioner pursuant to 42 U.S.C. § 405(h) and 20 C.F.R. § 404.957(c)(1) in order to prevent a claimant from filing successive applications for Social Security benefits.  *See Rucker v. Chater*, 92 F.3d 492, 494 (7th Cir. 1996)("section 405(h) and other regulatory provisions embody the fundamental and familiar principles of *res judicata*.").  Administrative *res judicata* is appropriate and a request by a claimant for a hearing before an ALJ may be denied if the ALJ finds that the Commissioner has "made a

---

[3] This Court also has jurisdiction over constitutional questions related to the disposition of Social Security claims that are "unsuited to resolution in the administrative hearing procedures," *see Tobak*, 195 F.3d at 187 (quoting *Sanders*, 430 U.S. at 109); however, no such questions are raised by Plaintiff in this case.

previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1); *see also Tobak*, 195 F.3d at 186 ( "*res judicata* may only be properly applied to preclude a subsequent claim for disability benefits where the 'same' claimant has filed a previous application based on the 'same' issues and where such prior determination has become final by virtue of administrative or judicial action."); *Purter v. Heckler*, 771 F.2d 682, 691 (3d Cir. 1985). Further, a final decision may be reopened by the Commissioner within twelve months "for any reason" or within four years if "good cause" is shown by the claimant, including for, among other reasons not pertinent here, a claimant's furnishing of "new and material evidence." 20 C.F.R. §§ 404.988, 404.989.

In this case, the Commissioner issued a final decision as to Plaintiff's DIB claim on March 17, 2003, finding that Plaintiff was not disabled for any period prior to his date last insured, December 31, 2000. (Docket No. 11-1 at 20-3). Plaintiff's subsequent application sought DIB for the period of April 27, 2000 through December 31, 2000. (*Id*. at 24-31). The Commissioner denied his subsequent application for DIB and the ALJ denied his request for a hearing, finding that *res judicata* barred his DIB claim and that Plaintiff did not demonstrate that his prior application should be reopened. (*Id*.). The Appeals Council denied his request for review of this decision. (*Id*. at 32-3).

Plaintiff argues that this Court has jurisdiction to review the application of *res judicata* by the Commissioner in this case. (Docket No. 17). His only contention is that he raised a heart condition as a basis for disability in his 2007 DIB application –claiming disability for the period of April 27, 2000 through December 31, 2000– that was not raised in his prior applications and that this

condition allegedly pre-dates his date last insured.[4]  (*Id.*).  However, Plaintiff does not contest that the March 17, 2003 denial, from which he did not seek any administrative review, constitutes a final decision as to his claim for DIB for the period immediately preceding his date last insured, December 31, 2000.  He also does not argue that the ALJ's decision refusing to reopen his prior application was in error nor does he maintain that the prior application was actually or constructively reopened.  Indeed, it is without question that the ALJ expressly found that no "new and material evidence" was submitted by the claimant concerning the relevant period, April 27, 2000 through December 31, 2000, and that "none of the conditions for reopening set forth in 20 C.F.R. [§] 404.988 [are] present in this case." (Docket No. 11-1 at 31).  Thus, the ALJ did not find "good cause" necessary to reopen the Plaintiff's prior application.  *See* 20 C.F.R. §§ 404.988, 404.989.

Plaintiff could not advance his additional arguments, including his alleged heart condition, in support of his DIB claim for the time period of April 27, 2000 through December 31, 2000, without the ALJ reopening his prior application. Therefore, because Plaintiff does not challenge whether his application was actually or constructively reopened, this Court lacks jurisdiction to review the ALJ's decision to not reopen his prior application.  *See Tobak*, 195 F.3d at 187.  The March 17, 2003 decision involved the same claim, a DIB claim, and time period, pre-December 31, 2000, as the instant application.  That decision remains final and binding, and, in this Court's estimation, given these circumstances, *res judicata* was properly applied.  However, this Court lacks subject matter jurisdiction to review any other decisions by the Commissioner or any of the other claims raised in Plaintiff's Complaint.  *See* 42 U.S.C. § 405(g), (h).

---

[4] Plaintiff has not submitted any evidence to substantiate this allegation.

7

Finally, the decision cited by Plaintiff in support of his position, *Girard v. Chater*, 918 F.Supp. 42 (D.R.I. 1996), actually supports dismissal of his claim. There, the district court sustained the Commissioner's objections to a report and recommendation by a magistrate judge that the ALJ had constructively reopened a claimant's prior application for DIB. *Girard*, 918 F.Supp. at 43. In so holding, the district court rejected the claimant's argument that his prior application for DIB was constructively reopened because the ALJ considered new evidence presented in the claimant's present application, compared it to the evidence submitted in support of his prior application and found that new evidence submitted by the claimant did not establish good cause to reopen the prior DIB claim. *Id.* at 44-7. The same procedure was used in this case and the record clearly establishes that the ALJ did not constructively reopen Plaintiff's prior application.

V.     CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Commissioner's Motion to Dismiss [10] is GRANTED. It is further ORDERED that Plaintiff's Complaint is DISMISSED, with prejudice, for lack of jurisdiction. Finally, the Clerk of Court is directed to mark this matter CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   May 3, 2010

cc/ecf: All counsel of record.